IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI,
DELTA DIVISION

**HIGHLANDER RX, INC.**                                                           **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:13CV277-SAA**

**FIRST PHARMACY SERVICES OF
TENNESSEE, LLC AND DENISE PRATT,
INDIVIDUALLY, and d/b/a FIRST PHARMACY
SERVICES OF TENNESSEE, LLC**                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Highlander Rx, Inc. ("Highlander") has moved for summary judgment on the sole issue of attorney's fees and prejudgment interest. Docket 30, 31. The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case as provided by 28 U.S.C. § 636(c) and FED. R. CIV. P. 73. After reviewing the Motion, Response (Docket and Reply, the attached exhibits and briefs, and the supporting and opposing authority, the court finds the Motion for Summary Judgment filed by plaintiff should be DENIED and instead concludes that the case should be DISMISSED.

### I. Factual and Procedural History

First Pharmacy Services of Tennessee, LLC and Denise Pratt, Individually, d/b/a First Pharmacy Services of Tennessee, LLC ("defendants") ordered and purchased pharmaceuticals in the amount of $248,979.45 from Highlander on an open account between November 16, 2012 and December 13, 2012. Docket 1, p. 2; Docket 32, p.1. After receiving the pharmaceuticals, defendants made two payments to Highlander totaling $160,000: one for $80,000 dated December 4, 2012, and another for the same amount dated January 2, 2013. Docket 1, Ex. D;

Docket 32, p. 1. On February 20, 2013, Highlander sent defendants a letter demanding payment for the unpaid principal balance of $89,516.30. Docket 1, Ex. E. Highlander forwarded a second letter to defendants on February 21, 2013, restating their intent to file a collection suit if defendants failed to resolve the account issue by February 25, 2013. *Id.* Highlander received no further payments after January 2013, and on June 6, 2013, Highlander's attorney sent a third and final letter demanding full satisfaction of the outstanding balance of $89,516.30, again threatening legal action if defendants continued not to pay. Docket 39, Ex. A. On July 1, 2013, defendants made a payment of $10,000, but made no further payments. Docket 1, p. 21. As a result, Highlander filed suit on November 11, 2013, to recover actual damages in the principal amount of $78,979.45, together with interest, costs, attorney's fees and expenses. Docket 1, p. 4. Immediately after suit was filed, defendants made a $10,000 payment, leaving a remaining principal balance of $68,979.45. Docket 31, p. 3. The parties exchanged several communications regarding an out-of-court settlement, but were unable to reach an agreement on the subject of interest and attorney's fees. Plaintiff filed the motion for summary judgment May 13, 2014, and defendants paid the account in full three days later, May 16, 2014. Docket 35-1, p.4.

## II. Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586; see also *Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010). "Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Where a party opposes summary judgment on a claim or defense on which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); see also *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374 (5th Cir. 2010).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court

has cautioned, however, that the ruling court must not encroach upon the functions of the jury. As the Court stated in *Reeves*,

> . . . the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). In the end, "[s]ummary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

### III. Analysis

It is undisputed that defendants ordered and purchased pharmaceutical products from plaintiff on an open account basis between November 16, 2012 and December 13, 2013, that plaintiff sold and delivered the products to defendants and that, shortly thereafter, defendants became delinquent in paying the principal account balance. Where the parties do disagree is on the question of whether plaintiff is entitled to interest and attorney fees incurred as a result of this claim where, as here, defendants have satisfied the principal obligation before entry of a final judgment.

The award of attorney's fees in a suit on an open account is controlled by Mississippi Code Annotated § 11-53-81 which dictates:

> When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff. . . .

An "open account" is generally defined as an account "based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions." *Westinghouse Credit Corp. v. Moore & McCalib, Inc.*, 361 So. 2d 990, 992 (Miss. 1978). The Mississippi Supreme Court has also described an open account as a "type of credit extended through an advance agreement by a seller to a buyer which permits the buyer to make purchases without a note of security . . . based on an evaluation of the buyer's credit." *Cardinal Health 110, Inc. v Smithville Pharmacy, Inc.*, 2014 WL 1298218 (N.D. Miss. May 8, 2009), citing *Cox v. Weil*, 619 So. 2d 908, 914 (Miss. 1993). To qualify as a suit on an open account under Mississippi law, the moving party must make a prima facie showing that the claim was liquidated at the time the suit was filed. *Stanton & Associates, Inc. v. Bryant Construction Co., Inc.*, 464 So. 2d 499, 503 (Miss. 1985) (an account is not considered an "open account" absent a final and certain agreement on price). Once a prima facie case has been made on the open account, the burden then shifts to the non-moving party to dispute the amount owed.

The policy underlying the statutory and case law provisions for attorney's fees and prejudgment interest endeavors to protect a creditor "who has a specific liquidated claim from suffering damage by a debtor's unreasonable delay in payment." *Stanton*, 464 So. 2d at 503. The Mississippi Supreme Court has ruled there can be no recovery of attorney's fees in the absence of a statute or contract providing expressly for such an award. *Id.* In instances where the principal balance on an open account has been satisfied before the court has rendered a judgment, Mississippi case law has held consistently that the attorney's fee award provision in the open account statute should be strictly construed because it is in derogation of the common law. *Magnolia Farm Serv., Inc. v. Tunica Oil Co., Inc.*, 438 So. 2d 285, 288 (Miss. 1983) (the

5

statute does not permit attachment of attorney's fees absent final judgment rendered on the claim); *Gulf City Seafoods, Inc. V. Oriental Foods, Inc.,* 986 So.2d 974, 977 (Miss. Ct. App. 2007), *rehearing denied, cert. denied* , 987 So.2d 451 (Miss. 2008). In *Magnolia*, the supreme court specifically noted that "had the legislature intended for attorney's fees to become attached when suit is filed, such intent should have easily been expressed [in the statute]." Id. at 288. Relying on *Magnolia*, this court has observed that where a party has not obtained a judgment on the open account claim, it is not entitled to attorneys' fees. *Tishomingo R.R. Co., Inc. v. Bellsouth Telecommunications, Inc.,* 2011 WL 4433594 (N.D. Miss. September 21, 2011). Even though the *Tishomingo* court had ruled in plaintiff's favor on other issues, it found that attorneys' fees were not appropriate because it had not entered a judgment in plaintiff's favor on the open account claim. *Id.* at *2.

Plaintiff Highlander relies upon *DynaSteel Corp. v. Aztec Industries, Inc.,* 611 So.2d 977 (Miss. 1992) to support its claim for imposition of prejudgment interest and attorney's fees. Aztec sued Dynasteel on DynaSteel's open account. Although there is some question of timing, a check from DynaSteel for the principal amount due was negotiated by Aztec's bank three days after service of process on DynaSteel's agent. Aztec notified Dynasteel that it was accepting the check under protest and without surrendering its right to collect prejudgment interest, attorney's fees and punitive damages, and that Aztec would pursue a default judgment for the full amount it claimed under the statute. When DynaSteel did not timely file an answer to Aztec's suit, Aztec sought and received a default judgment against DynaSteel for the principal balance due, plus prejudgment interest, punitive damages and attorney's fees. On appeal of the trial court's refusal to set aside the default judgment, the Mississippi Supreme Court held that DynaSteel's payment

6

of the principal amount before entry of the default judgment did not preclude the trial court's award of interest or attorney's fees. *Id.*

Although the award of interest and attorney's fees in *DynaSteel* does not contradict the intent of the open accounts statute, there is no merit in Highlander's extension of that ruling to this case. First, DynaSteel challenged Aztec's right to recover interest and attorney's fees only after the trial court had already heard the case and entered judgment on the merits. *Id.* at 986. Second, Aztec's complaint had specifically requested punitive damages in the amount of $50,000 for "gross bad faith refusal to pay," which the Mississippi Supreme Court found further legitimized the lower court's award of attorney's fees. *Id.* at 985. Contrary to Highlander's interpretation, *DynaSteel* actually reinforces defendants' position that attorney's fees and interest are only appropriate where the creditor has fulfilled the statutory requirement of obtaining a judgment in its favor on the account. MISS. CODE ANN. § 11-53-81.

Highlander contends the instant case is unique because summary judgment is pending, and it urges the court to follow the ruling in *Gulf City Seafoods v. Oriental Foods, Inc.*, regarding attorney's fees and prejudgment interest. The plaintiff in that case moved for summary judgment on an open account claim, and the motion was denied. Plaintiff then filed an amended motion for summary judgment, with affidavits from both parties regarding the amount of debt owed, and the court granted summary judgment for the principal balance, together with interest and attorney's fees. *Id.* Again, as with *DynaSteel*, Highlander fails to conjure support for its claim, for although the trial court awarded fees and interest to Oriental Foods following summary judgment, the court had entered judgment on the actual account balance. *Id.* Unlike this case, where the defendants did not dispute the principal amount owed and paid that amount

7

in full before any judgment was rendered on the account, the parties in Gulf City disagreed over the principal amount owed.

Highlander argues compellingly that allowing the defendants in this action to escape payment of the costs which Highland was forced to incur to finally extract the money owed on the account in effect rewards defendants for delaying tactics and will encourage debtors to engage in similar conduct in the future.[1] The court is not blind to that potential effect. In addition, Highlander cites as persuasive authority, and urges the court to adopt the approach taken in, *Industrial Screw & Supply Co., Inc. v. WPS, Inc.*, 926 So.2d 134 (La. App. 3 Cir. April 5, 2006), a Louisiana state case in which the defendant denied owing the amount sued for on its open account. The supplier moved for summary judgment, and the defendant paid the account balance in full before a hearing, at which the trial court granted summary judgment in favor of supplier, including judicial interest and attorney's fees. The Mississippi open account statute was modeled after Louisiana's open account statute, and Mississippi courts have acknowledged the persuasiveness of Louisiana law regarding attorney's fees in collection suits. *See Magnolia Farm Serv., Inc. v. Tunica Oil Co., Inc.*, 438 So.2d at 287. Nevertheless, in diversity cases "where Mississippi law supplies the rule of decision, state law controls both the award of and the reasonableness of fees awarded." *Tishomingo R.R. Co., Inc. v. Bellsouth Telecomm.*, 2011 WL 4433594 (N.D. Miss. Sep. 21, 2011), citing *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011). As a result, the rationale relied upon for the award of attorney's fees and

---

[1] It bears mentioning as well that the limited liability corporation which ordered and received the goods from Highlander had been administratively dissolved by both the State of Tennessee and the State of Mississippi before the account was ever opened. The defendants, in other words, are not a sympathetic debtor.

interest in *Industrial Screw* does not apply to this diversity case where decision is governed by Mississippi law. The potentially mischievous result of strict application of the state statute against which plaintiff warns, but which this court must respect, is a matter to be addressed by the legislature, not this court.

Plaintiff has demonstrated the first two requirements for an award of attorneys' fees: (1) that defendant failed to pay the balance of the open account within 30 days of receipt of (2) written demand correctly setting forth the amount owed and an itemized statement of the account. However, the third requirement, a judgment on the claim asserted, is missing. The *Magnolia* court clearly found that attorney's fees may not be awarded if a judgment has not been rendered on the account. Similarly, where defendants here have paid their outstanding principal balance in full, and no judgment has been rendered on the principal, there can be no recovery of attorney's fees.

Regarding interest, the statute providing for pre-judgment interest in suits on open accounts is Mississippi Code Annotated 75-17-1(1) which states:

> The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.

Whether to award pre-judgment interest is a decision left to the discretion of the trial court. *Estate of Baxter v. Shaw Associates*, 797 So. 2d 396, 403 (Miss. Ct. App. 2001). For pre-judgment interest to be awarded, "there must be a request for such interest in the pleadings and the claim must have been liquidated when it was originally made." *Southland Enterprises, Inc. v. Newton County*., 940 So. 2d 937, 943 (Miss. Ct. App. 2006). "Prejudgment interest is

allowed only when there has been a bad faith denial of a payment or when the amount due has been liquidated." *Baxter*, 797 So.2d at 403, citing *Stockett v. Exxon Corp.*, 312 SO.2d 709, 712 (Miss. 1975). Based upon a review of the emails exchanged between the parties, as well as the briefs supporting and responding to the motion, it clear that the delay in resolving this case once plaintiff filed suit was because the settlement numbers provided included attorneys' fees that defendant rightfully felt were unreasonable. Therefore, the undersigned declines to award pre-judgment interest.

## IV. Conclusion

For the foregoing reasons, the court finds that the plaintiff's Motion for Summary Judgment should be DENIED. Additionally, because there remain no issues to resolve, this case will be dismissed via a separate Final Judgment.

SO ORDERED, this, the 22nd day of December, 2014.

    /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE